```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
_____
                              )
RALF FAHRENBACH,              )
                              )
            Plaintiff,        )
                              )
      v.                      )    CIVIL ACTION
                              )    NO. 23-11029-WGY
GREEN PLANET MOVERS,          )
and PERENNIAL VAN LINES, LLC  )
                              )
            Defendants.       )
_____)
```

YOUNG, D.J.                                            July 10, 2023

### ORDER

Defendants Green Planet Movers ("Green Planet") and Perennial Van Lines, LLC ("Perennial") have each independently moved to dismiss the claims brought by Plaintiff Ralf Fahrenbach.  See Green Planet Movers' Mot. Dismiss or Transfer Venue ("Green Planet's Mot."), ECF No. 11, and Perennial Van Lines, LLC's Mot. Dismiss Counts I through VII of Pl.'s Compl. ("Perennial's Mot."), ECF No. 14.

To withstand a motion to dismiss, a complaint must "state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).  The complaint must include sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Courts "draw every reasonable inference" in favor of the plaintiff, Berezin v. Regency Sav. Bank, 234

[1]

F.3d 68, 70 (1st Cir. 2000), but they disregard statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (brackets, ellipsis, and quotations omitted).

With respect to Perennial, its motion to dismiss is denied in part and granted in part.  The motion to dismiss count I (Federal Claim Under 49 U.S. Code Part B) is denied.  At this stage, the Plaintiff has adequately alleged that Perennial may be found liable under the provisions of Title 49.  See Richwell Grp., Inc. v. Seneca Logistics Grp., LLC, 425 F. Supp. 3d 57, 61 (D. Mass 2019) (Talwani, J.) ("When analyzing whether an entity operated as a carrier, courts look to how the party acted during the 'specific transaction' at issue, which includes 'the understanding among the parties involved [and] consideration of how the entity held itself out.'").  The motion to dismiss count II (Breach of Contract) is likewise denied.  The Plaintiff has sufficiently put forth factual allegations in his complaint to support and establish the necessary elements for breach of contract.  Perennial's motion to dismiss counts III (Massachusetts Consumer Protection Act), IV (Florida False Advertising Statute), V (Fraudulent Inducement/ Misrepresentation), and VI (Negligent Misrepresentation) is granted.  Under the Federal Aviation Administration

Authorization Act ("FAAAA"), "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any private motor carrier, broker, or freight forwarder with respect to the transportation of property."  49 U.S.C. § 14501(c)(1).  The "related to" test is an intentionally expansive one and encompasses those state laws that have a connection to or reference to, either directly or indirectly, the rates, routes, and services of motor carriers and/or brokers.  See Dan's City Used Cars, Inc. v. Pelkey, 569 U.S. 251, 260, 133 S. Ct. 1769, 1778, 185 L. Ed. 2d. 909 (2013); Massachusetts Delivery Ass'n v. Coakley, 769 F.3d 11, 17-18 (1st Cir. 2014).  A survey of this circuit and numerous sister circuits reinforces the contention that the FAAAA has broad preemptive effect and generally warrants the dismissal of tort claims based on state law.  See, e.g., Kashala v. Mobility Servs. Int'l, LLC, No. 07-CV-40107, 2009 WL 2144289, at *5 (D. Mass. May 12, 2009) (Hillman, J.); Orr Motors of Destin, Inc. v. EA Auto, LLC, No. 18-CV-1627, 2019 WL 13199856, at *6 (N.D. Fla. July 10, 2019); Frey v. Bekins Van Lines, Inc., 802 F. Supp. 2d 438, 441-43 (E.D.N.Y. 2011); Yellow Transp., Inc. v. DM Transp. Mgmt. Servs., Inc., No. 06-CV-1517, 2006 WL 2871745, at *3-5 (E.D. Pa. July 14, 2006).  Accordingly, the claims based on conduct connected to the prices and services of Perennial with

[3]

respect to transportation of the Plaintiff's property are susceptible to preemption under the FAAAA and warrant dismissal. The motion to dismiss count VII (Civil Conspiracy), however, is denied. "[A] necessary limit to the scope of FAAAA preemption" is that those "[s]tate laws whose effect is only 'tenuous, remote, or peripheral' are not preempted." Coakley, 769 F.3d at 18; see also Ted's of Fayville, Inc. v. Koffi, 452 F. Supp. 3d. 1, 4 (D. Mass. 2020) (Hillman, J.) (claims based on conduct that occurred separately and after the transportation of property were not preempted by the FAAAA).

Therefore, this Court grants Perennial's motion to dismiss counts 3, 4, 5, and 6 but denies the motion to dismiss counts 1, 2, and 7.

With respect to Green Planet, its motion to dismiss is denied in part and granted in part. The motion to dismiss count I (Federal Claim Under 49 U.S.C. Code Part B) is denied. The Plaintiff has again adequately alleged that Green Planet may be found liable under the provisions of Title 49. The motion to dismiss counts II (Breach of Contract), III (Massachusetts Consumer Protection Act), V (Fraudulent Inducement/ Misrepresentation), VI (Negligent Misrepresentation), VIII (Conversion), and XI (Negligence) is granted. In addition to preemption of claims under the FAAAA, preemption of state-law claims against motor carriers can arise under the Carmack

[4]

Amendment.  See 49 U.S.C. § 14706(a) (providing that a carrier that provides transportation or service may be liable "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier whose line or route the property is transported in the United States . . . ."). The Supreme Court first addressed the preemptive effect of the Carmack Amendment in Adams Express Co. v. Croninger, 226 U.S. 491, 505-06, 33 S. Ct. 148, 152, 57 L.Ed 314 (1913) and concluded that it preempted state law governing damages for the loss or damage of goods.  Since then, the First Circuit has considered the reach of preemption and ruled that preempted claims include "all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payments of claims." Rini v. United Van Lines, Inc., 104 F.3d 502, 506 (1st Cir. 1997).  Other circuits have reached similar conclusions.  See, e.g., Smith v. United Parcel Service, 296 F.3d 1244, 1246 (11th Cir. 2002) ("[T]he Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods."). Notably, in this circuit, the Carmack Amendment has been treated as "a jurisdictional barrier to plaintiffs asserting state-law claims against carriers for damages incurred in interstate transportation."  Skakov v. Black Bear Moving and Storage, No. 21-CV-11412-AK, 2022 WL 17555657, at *4 (D. Mass. Dec. 9, 2022)

[5]

(Kelly, J.); see also Tobias v. Smith, No. 21-CV-11736-FDS, 2022 WL 1129376, at *4-5 (D. Mass. Apr. 15, 2022) (Saylor, C.J.) (holding that claims for "breach of contract, negligence, larceny, theft, and violations of Mass. Gen. Laws ch. 93A" would be preempted by the Carmack Amendment).  As such, counts 2, 3, 5, 6, 8, and 11 which have their basis in and relate to damage to the Plaintiff's property during the interstate move from New Mexico to Massachusetts would fall within the Carmack Amendment's preemptive reach.  See Compl. and Jury Trail Demand ("Compl.") ¶¶ 354, 412, 472, 500, 576, 577, 579, ECF No. 1.  The motion to dismiss counts VII (Civil Conspiracy), IX (Abuse of Process), and X (Malicious Prosecution), however, is denied.  There are limits to preemption under the Carmack Amendment.  "[L]iability arising from separate harms –- apart from the loss of damage of goods -- is not preempted."  Rini, 104 F.3d at 506; see also Gordon v. United Van Lines, Inc., 130 F.3d 282, 289 (7th Cir. 1997) ("[W]e too conclude that the Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce.").  The Plaintiff's allegations with respect to these counts concern acts of Green Planet that either pre-date or occurred after the transportation of property had terminated,

[6]

and the resulting harm was not exclusively to the Plaintiff's personal belongings.  See Compl. ¶¶ 551-52, 566-67.

Therefore, this Court grants Green Planet's motion to dismiss counts 2, 3, 5, 6, 8, and 11 but denies the motion to dismiss counts 1, 7, 9, and 10.

In conclusion, this Court **denies** in part and **grants** in part the Defendants' motions to dismiss.  See Green Planet's Mot., ECF No. 11, and Perennial's Mot., ECF No. 14.  The surviving claims against Defendant Perennial are counts 1, 2, and 7, and the surviving claims against Defendant Green Planet are counts 1, 7, 9, and 10.  The remaining counts are dismissed without prejudice.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE